UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DON DAMA,

    Plaintiff,

v.   CASE NO. 3:24-cv-1082-TJC-SJH

REMOTE TECHNOLOGY
SERVICES INC., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Joint Motion for Entry of a Confidentiality Order ("Motion"), Doc. 30, which seeks entry of an order approving a Stipulated Confidentiality Agreement ("Stipulation"), Doc. 30-1. The Motion is due to be denied without prejudice.

Preliminarily, the Stipulation includes an unexplained reference to the Florida Rules of Evidence, Doc. 30-1 at 2, and there are other provisions that are ambiguous or unclear, including the use of undefined capitalized term(s) (*e.g.*, Document), *id.* at 9.

Additionally, the Court will not enter a protective order that deviates from Local Rule 1.11.[1] But the parties' proposal appears to do so—or is at least ambiguous—to the extent it provides that the Court and Court personnel may receive

---

[1] Local Rule 1.11 addresses the filing of a motion to seal—which, among other requirements, must include the item, which is sealed pending resolution of the motion—and has provisions for where the filing party may wish to file an item but it is another party who asserts the need for protection and wishes to file a memorandum supporting the seal.

designated confidential materials but only "subject to the restrictions of filing under seal[.]" *Id.* at 6. Similarly, paragraph 17 of the Stipulation purports to authorize the blanket submission of Protected Documents (as defined therein) "to the Court under seal for a determination of the claim of privilege or other protection." *Id.* at 13.

Finally, though not entirely clear, it appears that the parties may be seeking a non-waiver order pursuant to Federal Rule of Evidence 502(d) ("Rule 502(d)"). To the extent such is the case, they should expressly so state and make any necessary edits to their stipulated proposal. They must also better explain the basis for any such request. To be sure, Rule 502(d) orders are often entered on request. *See Proxicom Wireless, LLC v. Target Corp.*, No. 6:19-cv-1886-Orl-37LRH, 2020 WL 1671326, at *1 (M.D. Fla. Mar. 25, 2020). But this does not appear to be an unusually complex case, and a Rule 502(d) order, which is designed primarily for complex cases, remains discretionary. *See United States v. DaVita, Inc.*, No. 6:17-cv-1592-Orl-37GJK, 2020 WL 12813697, at *1-2 (M.D. Fla. Aug. 4, 2020). The parties should also consider that, even if authorized, the protection of Rule 502(d) is limited to material covered by the attorney-client privilege or work-product privilege and will not be expanded beyond that narrow scope. *See Proxicom*, 2020 WL 1671326, at *2.

For the foregoing reasons, the Court will deny the Motion without prejudice. If the parties continue to seek relief from the Court, stipulated or otherwise, they must file a renewed motion and memorandum of law in accordance with the instructions herein. Alternatively, the parties are free to stipulate and enter into a private confidentiality agreement without order of the Court. Such an agreement may be

2

enforced between the parties, provided it is consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and this Court's Local Rules, including this Court's Local Rules on sealing. *See* Local Rule 1.11; *see also DaVita*, 2020 WL 12813697, at *2 n.1.

Accordingly, the Motion (Doc. 30) is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on May 29, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record